UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN MURRAY,

             Plaintiff,

                                                     1:17-CV-0103
v.                                                     (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

LEGAL AID SOCIETY OF NEW YORK–ALBANY     PAUL A. TIGHE, ESQ.
   Counsel for Plaintiff
55 Colvin Avenue
Albany, New York 12206

SOCIAL SECURITY ADMINISTRATION            KRISTINA D. COHN, ESQ.
OFFICE OF GENERAL COUNSEL–REGION II
   Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this action filed by Shawn Murray ("Plaintiff") against the

Commissioner of Social Security ("Defendant" or "Commissioner") seeking Social Security

benefits pursuant to 42 U.S.C. § 405(g), are (1) the Report-Recommendation of United States

Magistrate Judge William B. Mitchell Carter recommending that the Commissioner's decision

be affirmed and Plaintiff's Complaint be dismissed, and (2) Plaintiff's Objections to the Report-

Recommendation. (Dkt. Nos. 17, 18.) For the reasons set forth below, Plaintiff's Objections are

rejected, and the Report-Recommendation is accepted and adopted in its entirety.

I.  **RELEVANT BACKGROUND**

   A.  **Relevant Procedural History**

On September 19, 2012, Plaintiff filed an application for Supplemental Security Income ("SSI") alleging a disability onset date of September 19, 2012. (*See* Administrative Transcript ["T."] at T. 282). Plaintiff's application was initially denied by the Social Security Administration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). On July 8, 2014, and February 5, 2015, hearings were held before ALJ Michelle Marcus. (T. at 50-62, 63-92.) On May 6, 2015, the ALJ issued a decision finding that Plaintiff was not disabled. (T. at 7-26.) On December 13, 2016, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. at 1-6.) On January 27, 2017, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law: (1) Plaintiff has not engaged in substantial gainful activity since his amended alleged onset date of September 29, 2014; (2) Plaintiff has the severe impairments of degenerative disc disease of the lumber spine, cervicalgia, status post left hip surgery, and an impairment in the left shoulder suggestive of a torn rotator cuff or neurological deficit; (3) Plaintiff does not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) Plaintiff has the residual functioning capacity ("RFC") to perform light work; and (5) while Plaintiff has no past relevant work, there are jobs which exist in significant numbers in the national economy that Plaintiff could perform. (T. at 19-20.)

### B. Parties' Arguments on Their Motions for Judgment on the Pleadings

#### 1. Plaintiff's Arguments

Generally, in Plaintiff's brief in support of his motion for judgment on the pleadings, Plaintiff asserts the following three arguments: (1) that the ALJ's RFC determination was not supported by substantial evidence because (a) the ALJ improperly found Plaintiff capable of performing light work instead of only sedentary work, (b) the ALJ improperly afforded the opinion of treating orthopedist Dr. Ralph Quade, M.D., "some weight" instead of controlling weight, and (c) the ALJ improperly afforded the opinion of consultative orthopedic examiner Dr. Joseph Prezio, M.D., "some weight" instead of "great weight," (d) the ALJ improperly afforded the opinion of independent medical examiner Dr. Charles Plotz, M.D., "great weight" instead of no weight, and (e) the ALJ improperly afforded the opinion of Occupational Therapist ("OT") Brenda Breen "some weight"; (2) that the ALJ's credibility determination was not supported by substantial evidence because it failed to account for Plaintiff's testimony concerning difficulties with certain activities of daily living; (3) that the ALJ's Step Five determination was not supported by substantial evidence because (a) she based her Step Five analysis on the application date of September 19, 2012, rather than the amended onset date of September 29, 2014, and (b) as discussed above in Plaintiff's first argument, the ALJ based her Step Five analysis on an erroneous RFC. (Dkt. No. 14 at Part II.C.)

#### 2. Defendant's Arguments

Generally, in Defendant's brief in support of her motions for judgment on the pleadings, she asserts the following three arguments: (1) in determining Plaintiff's RFC, the ALJ properly evaluated the medical evidence of record, including the opinions of Dr. Quade, Dr. Pezio, Dr.

Plotz and OT Breen (based, in part, on inconsistencies in the findings of Drs. Quade and Prezio and as compared to other record evidence); (2) that the ALJ's credibility determination was supported by substantial evidence because the ALJ properly considered Plaintiff's daily activities, lack of compliance with physical therapy, and attempts to find work, together with the overall record evidence; and (3) that the ALJ's Step Five finding was supported by substantial evidence because (a) the ALJ's use of Plaintiff's original alleged onset date was harmless in that use of the amended alleged onset date would have resulted in the same outcome on remand (given that Plaintiff still would have been a "younger individual" had the amended alleged onset date been used), and (b) despite the fact that the amended onset date was six months away from Plaintiff's fiftieth birthday, his case did not qualify as a "borderline" situation, which is reserved for cases when the plaintiff's age is within a "few days or a few months of a higher age category" and an application of the higher age category would result in a decision of "disabled" (which is not the case here). (Dkt. No. 15 at "Argument.")

### C. Magistrate Judge Carter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Carter rendered the following three findings of fact and conclusions of law: (1) the ALJ's RFC finding was supported by substantial evidence because the ALJ afforded the proper weight to the opinions of Dr. Quade, Dr. Pezio, Dr. Plotz and OT Breen based on the relevant factors; (2) the ALJ's credibility finding was supported by substantial evidence because the ALJ followed the relevant two-step analysis to evaluate Plaintiff's reported symptoms, and concluded that, while Plaintiff's medically determinable impairments could reasonably be expected to cause some of his alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of his

symptoms were not entirely credible; and (3) the ALJ's Step Five finding was supported by substantial evidence because (a) the regulations do not provide a bright-line rule for determining which cases involve a "borderline" age category (and most district courts within the Second Circuit hold that a period of *up to* six months is "borderline"), and (b) in any event, the issue is moot in that an application of the higher age category would still have resulted in a decision of "not disabled" under the Grids. (Dkt. No. 17, at Part IV.)

### D. Plaintiff's Objections to the Report-Recommendation

Generally, in his Objections to the Report-Recommendation, Plaintiff asserts the following three arguments: (1) Magistrate Judge Carter's recommendation regarding the ALJ's weighing of the medical evidence and RFC determination should be rejected because Magistrate Judge Carter endorsed the ALJ's heavy reliance on the opinion of Dr. Plotz despite the fact that Dr. Plotz did not support his opinion with substantial evidence from the record (or even address the opinions of any of Plaintiff's treating and examining physicians, especially Drs. Quade and Prezio); (2) Magistrate Judge Carter's recommendation regarding the ALJ's credibility determination should be rejected because (a) Magistrate Judge Carter erroneously stated that the ALJ properly summarized the evidence in the record (by omitting a citation to the ADL questionnaire), (b) Magistrate Judge Carter (as did the ALJ) ignored the fact that the reason Plaintiff discontinued physical therapy is that the felt no positive results from it, and (c) Magistrate Judge Carter (as did the ALJ) erroneously equated Plaintiff's attempt to find work with his ability to work; and (3) Magistrate Judge Carter's recommendation regarding the ALJ's Step Five determination should be rejected because an application of the higher age category, in conjunction with an RFC of sedentary work, would have resulted in a decision of "disabled" under the Grids. (Dkt. No. 18, at Points I-III.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing the Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Judicial Review of Defendant's Decision

In Part III.A. of his Report-Recommendation, Magistrate Judge Carter correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No. 21, at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

## III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Carter's Report-Recommendation, the Court finds that the portions of Magistrate Judge Carter's Report-Recommendation not challenged by Plaintiff's Objections survive a clear-error review, and any portions of Magistrate Judge Carter's Report-Recommendation that were specifically challenged by Plaintiff's Objections survive a de novo review: Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 17.) As a result, the Court accepts and adopts the

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Report-Recommendation in its entirety for the reasons stated therein (and the reasons stated in Defendant's brief in support her motion for judgment on the pleadings). To those reasons, the Court adds the following analysis.

Plaintiff's first argument in his Objections is simply a reiteration of an argument asserted in his brief in support of his motion for judgment on the pleadings. (*Compare* Dkt. No. 18, at 2 [Plf.'s Obj., arguing that the ALJ afforded to much weight to the opinion of Dr. Plotz because "Dr. Plotz failed to address the opinions of any of [Plaintiff's] treating and examining physicians, especially Dr. Quade and Dr. Prezio"] *with* Dkt. No. 14, at 17 [Plf.'s Brief, arguing that the ALJ afforded to much weight to the opinion of Dr. Plotz because Dr. Plotz "made no reference to the opinions or findings of any of the treating or examining physicians in the record to support his conclusions"].)

Similarly, Plaintiff's second argument in his Objections is simply a reiteration of an argument asserted in his brief in support of his motion for judgment on the pleadings. (*Compare* Dkt. No. 18, at 2-3 [Plf.'s Obj., arguing that the ALJ erred regarding his credibility determination because (a) the ALJ improperly summarized the record evidence by omitting a citation to the ADL questionnaire, (b) the ALJ ignored the fact that the reason Plaintiff discontinued physical therapy is that the felt no positive results from it), and (c) the ALJ erroneously equated Plaintiff's attempt to find work with his ability to work] *with* Dkt. No. 14, at 20-21 [Plf.'s Brief, arguing that the ALJ erred regarding his credibility determination because (a) the ALJ did not discuss Plaintiff's activities of daily living, which were consistent with the ADL questionnaire, in his decision, (b) the ALJ ignored the fact that the reason Plaintiff left physical therapy is that he felt worse after each treatment, and (c) the ALJ erroneously penalized for trying to find a job after he stopped working at the VA].)

9

Furthermore, Plaintiff's third argument in his Objections is simply a reiteration of an argument asserted in his brief in support of his motion for judgment on the pleadings. (*Compare* Dkt. No. 18, at 4 [Plf.'s Obj., arguing that an application of the higher age category, in conjunction with an RFC of sedentary work, would have resulted in a decision of "disabled" under the Grids] *with* Dkt. No. 14, at 22-23 [Plf.'s Brief, arguing that an application of the higher age category, in conjunction with an RFC of sedentary work, would have resulted in a decision of "disabled" under the Grids].)

As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review, which they easily survive. In the alternative, these portions of the Report-Recommendation survive a *de novo* review for the reasons stated in the Report-Recommendation (and Defendant's brief in support her motion for judgment on the pleadings).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's decision denying Social Security benefits is **AFFIRMED** and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: December 15, 2017
       Syracuse, New York

HON. GLENN T. SUDDABY
United States District Judge